BENÍTEZ ET AL., PLAINTIFFS AND APPELLEES, *v.* BERNABE,
DEFENDANT (GARCÍA, INTERVENOR AND APPELLANT).

## Appeal from the District Court of San Juan in an Action of Ejectment.

### No. 2271.—Decided April 22, 1921.

EJECTMENT—APPEAL—EVIDENCE.—When the plaintiff in an action of ejectment proves his title to a property of thirty acres, which, if the action should fail, would be reduced to a little over twenty acres, and the defendant proves that the northern boundary of the parcel of eight acres sued for does not appear as a part of the northern boundary of the principal property in the deed presented by the plaintiffs, and the evidence is contradictory in many respects, the weighing of the evidence by the court below will not be modified on appeal, according to the repeated jurisprudence of this court.

ID. — TRANSFER OF POSSESSION. — Although the plaintiffs must recover on the strength of their own title, yet when a defendant transfers the possession *post litem motam* that is a circumstance somewhat like flight in a criminal case and is entitled to some consideration.

The facts are stated in the opinion.

*Mr. J. G. Torres* for the appellant.

*Mr. M. Moraza* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants in this case essentially alleged that they were the owners of two pieces of property in Río Piedras (describing them); that their ancestor permitted the defendant to live on a piece of land composed of eight acres, which was a segregation out of the latter of the two pieces of thirty acres, and that the said defendant withheld the same from the complainants without right or title thereto. While there were recitals of evidence in the complaint which were unnecessary, the said essential facts were sufficiently well alleged and the complaint was sufficient.

The defendant answered with a general denial and then Octavio García Salgado appeared and asked to be allowed to intervene in the suit as the real owner of the property sought to be revendicated. Permission was granted. Trial was had and judgment given for the complainants.

In its opinion the court said that it would have been difficult to identify the land if the intervenor had not admitted his possession of the same. The appellant insists that all that he admitted was that the land described was his and that he did not admit that the eight acres had been carved out of, or was a part of, the thirty for which the complainants produced a title.

We do not know why the complainants found it necessary to describe two pieces of land of thirty acres each in their complaint, but we suppose it was because they were contiguous and they paid taxes on them as a whole, and perhaps to anticipate the defense that these second thirty acres could be accounted for by reference to the first thirty.

We agree that the intervenor made no more admissions than claimed, but we also find that the court meant no more, for after making the alleged statement the court went on to say: "From the whole proof the court arrives at the conclusion that the eight acres were a part of a farm of thirty acres that Francisco Bibiano de la Cruz acquired by purchase from José García by a deed made before notary Mauricio Guerra on July 28, 1897; that on the said land, by the tolerance of the owners, Rafael Bernabe first lived and afterwards, against the will of the owners, Pedro Bernabe, and that neither the father, Rafael Bernabe, nor his son were ever owners or true possessors of said land." Francisco Bibiano de la Cruz was the ancestor of the complainant. Pedro Bernabe was the original defendant and turned over the possession to the said intervenor after this suit was brought.

The court besides analyzed the proof to demonstrate that the intervenor never had any real title by purchase or otherwise. His lack of title was so clear that we shall spend no further time in discussing it. And for the same reason we shall not discuss the question of prescription more than to

say that there was no title shown, to say nothing of a just title.

Of course the complainants must recover on the strength of their own title, but when a defendant transfers the possession *post litem motam* this is a circumstance somewhat like flight in criminal cases and entitled to some weight. Indeed the intervenor made a claim that he had acquired the title from the mother of the defendant and that the said defendant was a mere superintendent of the said intervenor.

There was a strong conflict in the evidence. A good deal depended on where was the northern boundary of the said thirty acres. The appellant maintains that the titles of the complainant do not show that their land, bounded on the north by Hernández, was separated by a brook named Carne Fresca. This brook is now the northern boundary of the eight acres claimed. The appellees, on the other hand, maintain that the evidence tends to show that Hernández never owned or held land to the south of the brook at the boundary claimed by the appellees. Likewise, the appellant introduced evidence tending to show that there was a series of trees, a natural boundary to the north beyond which the land of the complainants did not extend. The appellees admitted the existence of the trees, but denied that there was any boundary there, natural or artificial. As the intervenor claimed indirectly through Hernández, these division points were important.

As the land in the possession of the complainant, described as thirty acres, would only contain a little over twenty, the appellant attempts to explain this difference by showing mistakes or different groupings of the whole sixty acres belonging to the appellees.

All these matters, however, were all questions going to the weight of the evidence and the appellant has failed to convince us that the court made any error in its consideration of the same. On the contrary, we are inclined to the

view that a clear preponderance of the same was with the appellees.

The judgment must be

*Affirmed.*

Justices Del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.